# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>APOTEX INC. AND APOTEX CORP.<br><br>Defendants. | **Civil Action No. _____** |

Plaintiff Bristol-Myers Squibb Company ("BMS"), by its attorneys, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex"). This action relates to Abbreviated New Drug Application ("ANDA") No. 210400 filed by Apotex with the U.S. Food and Drug Administration ("FDA").

2. In ANDA No. 210400, Apotex seeks approval to market 100 mg, 150 mg, 200 mg, and 300 mg capsules of atazanavir sulfate, generic versions of BMS's Reyataz® drug product (the "Apotex ANDA Products"), prior to expiration of U.S. Patent No. 6,087,383 ("the '383 patent").

## PARTIES

3. BMS is a corporation organized and existing under the laws of Delaware, having a place of business at Route 206 and Province Line Road, Princeton, New Jersey 08540.

4. BMS is engaged in the business of creating, developing, and bringing to market revolutionary biopharmaceutical products to help patients prevail against serious diseases,

including treatments for HIV and AIDS.  BMS markets and sells its Reyataz® capsules in this Judicial District and throughout the United States.

5. Upon information and belief, Apotex Inc. is a corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Drive, Toronto, Ontario, M9L 1T9, Canada.

6. Upon information and belief, Apotex Corp. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida, 33326.

7. Upon information and belief, Apotex Inc. and Apotex Corp. have cooperated and assisted in the preparation and filing of ANDA No. 210400 and will be involved in the manufacture, importation, marketing, and sale of the Apotex ANDA Products in the United States, including in the state of Delaware, if it is approved.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(c)(3) and 1400(b), and this Court has personal jurisdiction over Apotex.  Apotex, through its in-house counsel, by e-mail dated October 17, 2017, agreed to be sued in this District in this matter.  For these reasons, and for other reasons that will be presented to the Court if jurisdiction and/or venue are challenged, the Court has personal jurisdiction over Defendants, and venue in this judicial district is proper.

## PATENT-IN-SUIT

10. On July 11, 2000, the U.S. Patent and Trademark Office duly and legally issued the '383 patent, titled "Bisulfate Salt of HIV Protease Inhibitor." A true and correct copy of the '383 patent is attached hereto as Exhibit A. The claims of the '383 patent are valid and enforceable. BMS is the owner of the '383 patent and has the right to enforce it. The expiration date of the '383 patent is December 21, 2018. BMS also was awarded a period of pediatric exclusivity through June 21, 2019.

11. BMS is the holder of New Drug Application ("NDA") No. 021567, by which the FDA granted approval for the marketing and sale of 150 mg, 200 mg, and 300 mg strength atazanavir sulfate capsules. BMS markets atazanavir sulfate capsules in the United States, under the trade name "Reyataz®." The FDA's official publication of approved drugs (the "Orange Book") includes Reyataz® together with the '383 patent.

## INFRINGEMENT BY APOTEX

12. In a letter dated September 12, 2017, sent by FedEx, Apotex notified BMS that Apotex had submitted ANDA No. 210400 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) ("the Reyataz Notice Letter"). BMS received the Reyataz Notice Letter no earlier than September 14, 2017.

13. The Reyataz Notice Letter states that Apotex seeks approval from the FDA to engage in the commercial manufacture, use, and sale of the Apotex products before the expiration of the '383 patent. Upon information and belief, Apotex intends to—directly or indirectly—engage in the commercial manufacture, use, and sale of the Apotex ANDA Products promptly upon receiving FDA approval to do so.

14. By filing ANDA No. 210400, Apotex has necessarily represented to the FDA that the Apotex ANDA Products have the same active ingredient as Reyataz®, have the same method of administration, dosage form, and strengths as Reyataz®, and are bioequivalent to Reyataz®.

15. Upon information and belief, the Apotex ANDA Products contain atazanavir bisulfate.

16. Upon information and belief, the Apotex ANDA Products will be manufactured by, or at the direction of, Apotex.

17. In the Reyataz Notice Letter, Apotex states that the Apotex ANDA contains a Paragraph IV certification asserting that the '383 patent is invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, and sale of the Apotex ANDA Products.

18. This Complaint is being filed before the expiration of forty-five days from the date BMS received the Reyataz Notice Letter.

## COUNT I

## INFRINGEMENT OF THE '383 PATENT

19. Each of the preceding paragraphs 1 to 18 is incorporated as if fully set forth herein.

20. Apotex's submission of ANDA No. 210400 to obtain approval to engage in the commercial manufacture, use, offer to sell, sale, and/or importation of 100 mg, 150 mg, 200 mg, and 300 mg capsules of atazanavir sulfate prior to the expiration of the '383 patent constituted a technical act of infringement.  Upon information and belief, the product described in ANDA No. 210400 would infringe claims 1 and 2 of the '383 patent under 35 U.S.C. § 271(e)(2)(A).

21. Apotex's commercial manufacture, use, offer to sell, sale, and/or importation of 100 mg, 150 mg, 200 mg, and 300 mg capsules of atazanavir sulfate prior to the expiration of the

'383 patent, and its inducement of and/or contribution to such conduct, would further infringe claims 1 and 2 of the '383 patent under 35 U.S.C. §§ 271(a), (b) and/or (c).

22. Upon FDA approval of Apotex's ANDA No. 210400, Apotex will infringe claims 1 and 2 of the '383 patent by making, using, offering to sell, and selling 100 mg, 150 mg, 200 mg, and 300 mg capsules of atazanavir sulfate, in the United States and/or importing such products into the United States, or by actively inducing and contributing to infringement of the '383 patent by others, under 35 U.S.C. § 271(a)-(c), unless enjoined by the Court.

23. If Apotex's marketing and sale of 100 mg, 150 mg, 200 mg, and 300 mg capsules of atazanavir sulfate prior to expiration of the '383 patent and all other relevant exclusivities are not enjoined, BMS will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BMS respectfully requests the following relief:

1. A Judgment that the claims of the '383 patent are not invalid, are not unenforceable, and are infringed by Apotex's submission of ANDA No. 210400, and that Apotex's making, using, offering to sell, or selling in the United States, and/or importing into the United States the Apotex ANDA Products will infringe the '383 patent.

2. An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of ANDA No. 210400 shall be a date which is not earlier than the latest expiration date of the '383 patent, including any extensions and/or additional periods of exclusivity to which BMS is or becomes entitled.

3. An Order permanently enjoining Apotex, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the

United States the Apotex ANDA Products until after the latest expiration date of the '383 patent, including any extensions and/or additional periods of exclusivity to which BMS is or becomes entitled.

4. Damages or other monetary relief, including, but not limited to, costs and pre- and post-judgment interest, to BMS if Apotex engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of the Apotex ANDA Products prior to the latest expiration date of the '383 patent, including any extensions and/or additional periods of exclusivity to which BMS is or becomes entitled.

5. Such further and other relief as this Court deems just and proper, including any appropriate relief under 35 U.S.C. § 285.

Dated: October 24, 2017

*Of Counsel:*

Amy K. Wigmore
Tracey C. Allen
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000
(202)-663-6363

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Joseph J. Farnan Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
farnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiff*
*Bristol-Myers Squibb Company*